# United States District Court
for the
# District of Alaska

Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Brian F. Joyce                                Case Number: A02CR0079

Sentencing Judicial Officer:     James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:       December 6, 2002

Original Offense:                Possession fo Child Pornography, 18 USC 252(a)(5)(B)

Original Sentence:               27 months custody and 3 years supervised release

Date Supervision Commenced:      February 11, 2005

Asst. U.S. Attorney: Steve Skrocki                              Defense Attorney: Mike Dieni

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Special Condition of Supervision, "The defendant shall participate in a program of mental health counseling," in that the defendant was unsuccessfully discharged from mental health/sex offender treatment on May 18, 2006. This violation is a Grade C violation. |
| 2 | The defendant has violated the Special Condition of Supervision, "The defendant is prohibited from consuming alcoholic beverages", in that the defendant has continued to consume alcohol after this special condition was ordered by the Court on August 15, 2005.   This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

[X]   Revoked
[ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**

Michael Pentangelo
Senior U.S. Probation Officer
Date: May 22, 2006

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer


THE COURT ORDERS

[X] ~~not used~~
The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[X] The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ] Other:

**REDACTED SIGNATURE**

James K. Singleton
Senior U.S. District Court Judge

5/23/2006
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**  )<br>)<br>)<br>)<br>vs.                                        )<br>)<br>)<br>Brian F. Joyce                           ) | Case Number: A02CR0079<br><br>DECLARATION IN SUPPORT OF PETITION |

I, Michael Pentangelo, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Brian F. Joyce, and in that capacity declare as follows:

The defendant was sentenced on December 6, 2002 to 27 months custody and 3 years supervised release with special conditions for mental health treatment; search/seizure; no access to any computer capable of accessing the internet; employer notification; no unaccompanied contact with persons under the age of 18 unless another adult is present.

The defendant commenced supervised release on February 11, 2005.

The defendant was referred to Dr. Roger Graves for mental health-sex offender based treatment on February 15, 2005. He was officially enrolled in Dr. Graves' program on March 14, 2005.

Prior to commencing treatment, the probation officer discovered pornography on several occasions within the defendant's residence which the defendant admitted to possessing. The pornography possessed by the defendant appeared to be adult pornography yet the content of what is considered "barely legal" by the porn industry inappropriate considering the defendant's instant offense. The theme of the pornography possessed by the defendant was generally that of young girls or girls portrayed to be quite young such as school girls or otherwise pre-pubescent. The probation officer expressed his concern about these materials and advised the defendant that one regulation of the sex offender program operated by Dr. Graves is prohibition of pornography. The defendant acknowledged this requirement and stated that he did not object to this restriction as imposed by the treatment program.

On May 11, 2005, the defendant reported to the probation office for random urinalysis. The odor of alcohol was present on the defendant's breath. A breathalyzer was administered which yielded a result of .122. The probation officer seized the defendant's keys for his work vehicle and directed the defendant to have something to eat and return later for

breathalyzer. The defendant reported several hours later for breathalyzer which yielded a result of .051. After consultation with Chief U.S. Probation Officer Joshua Wyne, the defendant was directed to return in approximately one hour and was further advised that his keys would not be returned until he yielded a breath alcohol concentration of .04 or lower. Later in the day, the defendant returned to the probation office and submitted to a final breathalyzer which yielded a result of .02. The defendant's automobile keys were returned to him upon further discussion of the implications of excessive alcohol use.

Subsequent to this incident and the fact that at numerous home visits, the defendant was observed to be drinking alcoholic beverages, the probation officer, in consultation with the defendant's treatment provider and Supervising U.S. Probation Officer Eric Odegard decided to propose a modification to the defendant's conditions of supervision prohibiting the consumption of alcoholic beverages and requiring substance abuse treatment. Ultimately, the defendant agreed to these modifications after consulting with his attorney, Mike Dieni, and these proposed modifications were ordered by the court on August 15, 2005.

The defendant was referred to RITE, Inc. for substance abuse treatment on August 22, 2005 .

On September 22, 2005, a home visit was conducted to the defendant's residence. Upon inquiry, the defendant denied drinking alcoholic beverages. A breathalyzer was administered and yielded a result of .008. Thereafter, the defendant admitted to drinking one beer after work this date. The probation officer reminded the defendant of the legal consequences of such behavior and suggested that defendant continue to work on these issues in therapy.

On December 19, 2005, the probation officer met with the defendant and his sex offender treatment therapist, Dr. Roger Graves, to address an issue of concern. Dr. Graves expressed concern that the defendant has demonstrated a "break in progress" subsequent to review of recent homework assignments submitted by the defendant wherein the defendant failed to accept responsibility for his actions, projecting blame on the government, and articulated his right to view what he wants and that his actions involving the instant offense were not wrong. The three participants spoke at length to address these issues. Ultimately, the defendant admitted that he was sexually aroused when viewing some of the child porn images for which he was convicted of downloading and that he was ashamed. Still, the defendant minimized his behavior and often contradicted himself and his own rational for his belief system. This meeting resulted in Dr. Graves' endeavor to continue monitoring the defendant's progress in treatment.

The defendant completed substance abuse treatment at RITE on December 29, 2005.

On January 4, 2006, a home visit was conducted. During the course of this visit, probation officers located a transparent plastic bag tied to the front door's knob which contained empty beer cans. The defendant admitted to drinking alcohol on New Year's eve. After further discussion, the defendant was re-enrolled in substance abuse treatment at RITE wherein he continues to attend weekly.

On May 17, 2006, the probation officer conducted a home visit to the defendant's residence. Upon arrival to the defendant's residence, the probation officer observed a plastic bag partially concealed by a jacket on the front passenger seat defendant's vehicle. The probation officer observed what appeared to be videotapes in the plastic bag. The probation officer and defendant subsequently entered the residence. Upon inquiry, the defendant denied having any contraband in his residence. The defendant consented to a search of his refrigerator/freezer which revealed no contraband. Upon exiting the residence, the probation officer proceeded to the defendant's vehicle and peered into window again observing the plastic bag partially concealed by a jacket, yet clearly evident were videotapes in the bag. Further inspection revealed several pornographic videotapes. Proceeded back into residence and upon inquiry, sub denied having any other pornographic materials in the residence. Based on reasonable suspicion, the probation officer conducted a search of the defendant's bedroom and located numerous pornographic videos and magazines concealed underneath the defendant's mattress.

The defendant proceeded to a regularly scheduled therapy session that evening and disclosed that he has been viewing pornographic material and drinking alcoholic beverages for "quite some time" despite the prohibitions that have been either ordered by the Court or enacted by the treatment provider as per the rules/regulations of the program which the defendant had been engaged.

The defendant was terminated from treatment with Dr. Graves on May 18, 2006.

Executed this 22nd day of May 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE

Michael Pentangelo
Senior U.S. Probation Officer